This is an appeal from a Washington County Common Pleas Court judgment finding Mark E. Hannold, defendant below and appellant herein, to be a sexual predator under R.C. 2950.01 et seq.
Appellant assigns the following error for our review:
 "THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR PURSUANT TO R.C. 2950."
On June 20, 1988, the trial court sentenced appellant to a fifteen to fifty year prison sentence. Appellant's convictions included two counts of rape in violation of R.C. 2907.02, two counts of corruption of a minor in violation of R.C. 2907.04, and two counts of gross sexual imposition in violation of R.C.2907.05. Appellant currently remains incarcerated.
On April 17, 1998, the trial court conducted a hearing to determine whether appellant should be classified as a sexual predator. At the hearing the parties agreed to submit to the court various documents, including the prosecution's discovery materials and reports concerning sexual treatment programs that appellant attended and completed during his incarceration. The documents submitted to the trial court revealed,inter alia, that appellant sexually molested six children between the ages of eleven and thirteen. Appellant's contact with the victims began during appellant's service as a youth minister at the Porterfield Baptist Church. Additionally, the prosecution noted that appellant had admitted that he had sexual contact with four other children.
On September 4, 1998, the trial court determined, by clear and convincing evidence, that appellant should be classified as a sexual predator. The trial court's decision included a detailed analysis of the applicability of the R.C. 2950.09
factors. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant asserts that the trial court erred by finding him to be a sexual predator. Appellant notes that the trial court addressed many factors provided in R.C. 2950.09. Appellant contends, however, that the trial court failed to include in its analysis the fact that appellant, while incarcerated, has participated in sexual treatment programs. The record reveals that appellant had attended treatment programs each year from 1990 to 1994, and that appellant had completed the 13 month Polaris sex offender program. Appellant further asserts that the trial court did not consider what effect appellant's ten year prison term will have upon the likelihood of committing additional offenses. Thus, appellant reasons, the trial court should have considered and examined appellant's "current condition" after taking into account his rehabilitation and counselling efforts, rather than focusing on appellant's conduct prior to his incarceration.
A sexual predator is defined as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). Sexual predator classification proceedings under R.C. 2950.09 are civil in nature and require the prosecution to prove by clear and convincing evidence that an offender is a sexual predator.State v. Rawlings (July 17, 1998), Hamilton App. No. C-970596, unreported; R.C. 2950.09(B)(3). The clear and convincing evidence standard has been defined as:
 "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."
See Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118. See, also, State v. Schibel (1990), 55 Ohio App.3d 71,564 N.E.2d 54; State v. Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported; State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported.
R.C. 2950.09(B)(2) includes a number of factors that trial courts may consider when deciding sexual predator classification questions. The statute provides:
 "In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct."
We note that the statute requires a court to consider all relevant factors. The statute does not, however, require a trial court to make explicit findings regarding relevant factors. See State v. Smith (July 20, 1998), Hocking App. No. 98CA10, unreported. Furthermore, a trier of fact may look at past behavior in determining future propensity because past behavior is often an important indicator for future propensity.Bartis citing Kansas v. Hendrick (1997), 521 U.S. 346, andHeller v. Doe (1993), 509 U.S. 312.
Recently, the Franklin County Court of Appeals discussed the victim's age as an important factor in making sexual predator classification determinations. In State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA6-830, unreported, the court wrote:
 "The trial court specifically relied upon two stipulated facts in the present case: the age of the victim, four years old at the time of the offense, and the fact that defendant had failed to complete the course of sex-offender counseling described as part of his shock probation. As noted by the trial court, the likelihood of recidivism is at the heart of Am.H.B. 180's registration requirements, and underlies the over-arching goal of protection of the public from sexual offenders which the statute seeks to achieve. Related to the court's determination of the likelihood of a defendant committing future sexual offenses, the legislature specifically included the age of the victim of the sexually oriented offense for which defendant was convicted. R.C. 2950.09(B)(2)(c). The legislature thus acknowledged, as have a multitude of courts, the overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. See, e.g., Kansas v. Hendricks (1997), ___ U.S. ___, 117 S.Ct. 2072, 138 L.Ed.2d 501. The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable."
Thus, courts have recognized the likelihood of recidivism for sex offenders who have committed crimes involving children.
In the case sub judice, the trial court found that appellant is likely to commit further sexual offenses. In its decision the trial court noted the appellant's age, the victims' ages, the number of victims and the frequency of the criminal acts. The court further noted that appellant engaged in a pattern of abuse. Appellant met all of the victims through the church or the YMCA and, after gaining the children's trust, began a pattern of personal contact and interaction resulting in episodes of sexual conduct. The trial court also attached significance to appellant's statement that he could not control his behavior, despite repeated attempts to curtail this activity, and that he knew that his behavior was wrong.
After our review of the record on appeal, we find that the trial court had sufficient information before it from which it could conclude that appellant should be classified as a sexual predator. We note that the weight of the evidence is generally a matter for the trial court to decide and this court will not disturb the trial court's conclusion when that conclusion is supported by competent, credible evidence. In view of the nature and the manner in which appellant committed the sexually oriented offenses, the trial court could properly conclude that clear and convincing evidence exists that appellant's recidivism risk is substantial.
Although we acknowledge that appellant's pursuit of treatment goals and rehabilitation is commendable, we find no error with the trial court's decision. Appellant presented the trial court with treatment reports and the trial court was fully aware of appellant's term of incarceration. We presume that the trial court reviewed and considered this material prior to rendering its judgment. A trial court need not find any requisite number of factors before it may find a defendant to be a sexual predator. Moreover, R.C. 2950.09(B) requires the court to consider all relevant factors, but does not require the court to make express findings as to every possible factor.Smith, supra. The fact that the trial court's judgment entry did not include a discussion regarding appellant's treatment and incarceration does not warrant a reversal of the trial court's judgment.
Accordingly, based upon the foregoing reasons we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion
For the Court
 BY: ___________________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.